IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY BENNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:05cv1117 |
| ) | Judge Thomas M. Hardiman |
| ALLEGHENY GENERAL HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION

Plaintiff Kimberly Bennett (Bennett) filed suit against Defendant Allegheny General Hospital (Allegheny General) alleging gender discrimination under Title VII of the Civil Rights Act of 1964. Specifically, Bennett alleges that she was sanctioned more severely than male employees and was terminated for violating company policy, while men who committed similar violations were disciplined less severely. Allegheny General filed a motion to dismiss for failure to state a claim, alleging that Bennett failed to exhaust her administrative remedies. For the reasons that follow, the Court will deny the motion.

I.   **Statement of Facts**

Plaintiff's complaint arises out of her termination from Allegheny General following an internal audit. Allegheny General allegedly fired Bennett for failure to notify her superiors regarding improper narcotics use by a coworker, Jerry Schuloff, M.D. (Dr. Schuloff). Plaintiff claims that, on only one occasion, she picked up a prescription for Dr. Schuloff and delivered it to him. She contends that this was not in violation of the rules of conduct, and yet she was

terminated nonetheless. In addition, she claims that males who committed violations as serious as the one with which she was charged were not terminated.

Bennett filed a complaint with the Pennsylvania Human Relations Commission (PHRC) on September 29, 2004. In that complaint, she alleged: "I was terminated for alleged rules violations regarding Dr. Jerry Schuloff. Dr. Schuloff, a male, was not terminated even though he violated the rules. I did not violate the rules." Bennett checked the boxes to indicate that her complaint was based on discrimination on the basis of sex, and requested that the complaint be filed simultaneously with the Equal Employment Opportunity Commission (EEOC).

After she received a right to sue letter, Bennett filed the complaint at issue here. Bennett alleges that throughout her employment at Allegheny General "she has been more severely punished for alleged rules infractions while other, male employees have received more favorable treatment, solely because of her sex . . . ." Complaint (Compl.) at ¶10. Although Bennett's complaint is directed primarily at Dr. Schuloff, she also alleges that "no disciplinary action was taken against Dr. Schuloff *or the other male employees*." Compl. at ¶12 (emphasis added).

## II.   Standard of Review

Rule 12(b)(6) motions challenge the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). Plaintiff is required to "set forth sufficient information to outline the elements of [her] claim or to permit inferences to be drawn that these elements exist." *Id.* "A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light

2

most favorable to plaintiff, plaintiff is not entitled to relief.'" *In re Rockefeller Center Properties Inc.*, 311 F.3d 198 (3d Cir. 2002). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Burlington Coat Factory Sec. Lit.*, 114 F.3d 1410, 1429 (3d Cir. 1997); *Miree v. DeKalb County, Ga.*, 433 U.S. 25, 27 n. 2 (1977).

### III. Analysis

It is axiomatic that Title VII plaintiffs must first exhaust administrative requirements before they may bring suit in federal court. *Waiters v. Parsons,* 729 F.2d 233, 237 (3d Cir. 1984). In *Waiters*, the Court of Appeals explained that "the relevant test in determining whether appellant was required to exhaust her administrative remedies, therefore, is whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Id.*

Allegheny General argues that Bennett's claim of gender discrimination in relation to various male employees is not fairly within the scope of her prior PHRC complaint, which only mentioned Dr. Schuloff. In support of this claim, Allegheny General cites the Third Circuit's decision in *Antol v. Perry*, 82 F.3d 1291 (3d Cir. 1996), which applied the *Waiters* test and dismissed a Title VII complaint for failure to exhaust. In *Antol*, the plaintiff sought to assert in federal court a claim of gender discrimination after complaining only of disability discrimination to the EEOC. In discussing *Waiters*, the *Antol* Court explained, "we held that the plaintiff's suit was not barred for failure to exhaust administrative remedies because the core

3

grievances in the suit filed and the earlier EEOC complaint were the same--retaliation." *Antol,* 82 F.3d at 1295. Thus, the plaintiff in *Antol* was raising an entirely different cause of action. "The specifics of his disability discrimination charge do not fairly encompass a claim for gender discrimination merely because investigation would reveal that Antol is a man and the two employees who received the positions are women. The investigation focused, quite properly we think, on the gravamen of Antol's complaint--disability discrimination. Neither the EEOC nor the agency were put on notice of a gender discrimination claim." *Id.* at 1296. Unlike the plaintiff in *Antol*, here Bennet's administrative complaint asserts the same claim - gender discrimination - as does her complaint in this Court. Accordingly, Bennet put the PHRC, EEOC, and Allegheny General all on notice of a claim that she was illegally discriminated against because of her gender.

Allegheny General also points to *Visnikar v. Department of Environmental Protection*, 2004 WL 438688 (W.D. Pa. 2004), where this Court adopted Magistrate Judge Caiazza's report and recommendation granting summary judgment for the defendant. In *Visnikar*, the Court held that plaintiff's Title VII claim for hostile work environment was not fairly within the scope of the administrative filing, which only mentioned failure to promote. *Id.* at 6, citing *Antol.* Like *Antol,* however, the facts of *Visnikar* are distinguishable from the case at bar. In the instant case, there is no difference between the PHRC filing and the present complaint in the type of claim or theory of discrimination asserted.

In sum, the decisions in *Waiters* and *Antol* do not mandate that a plaintiff's universe of comparators be strictly limited to those mentioned in the administrative filing. Instead, those precedents stand for the proposition that a Title VII complaint must be fairly within the scope of

4

the administrative filing. Because the Court finds that Bennett's complaint in this case is fairly within the scope her PHRC filing, the motion to dismiss will be denied.

An appropriate Order follows.

_____
Thomas M. Hardiman
United States District Judge

February 23, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY BENNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:05cv1117 |
| ) | Judge Thomas M. Hardiman |
| ALLEGHENY GENERAL HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

## ORDER

AND NOW, this 23rd day of February, 2006, upon consideration of Allegheny General's Motion to Dismiss (Doc. No. 12), for the reasons stated in the Memorandum Opinion filed herewith, it is hereby

ORDERED that Defendant's motion is DENIED.

BY THE COURT:

_____
Thomas M. Hardiman
United States District Judge

cc: All counsel of record.